**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Hilbert Group LLC,
Debtor and Debtor-in-Possession

FILED & ENTERED

OCT 07 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>HILBERT GROUP LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:26-bk-10578-MH<br><br>Chapter 11<br><br>**ORDER APPROVING STIPULATION BETWEEN DEBTOR AND DMSD DEL ENTERPRISE, LLC TO EXTEND DEADLINE TO FILE PROOF OF CLAIM AND OTHER DEADLINES AND TO PRESERVE CERTAIN RIGHTS UNDER THE LEASE** |

The Court having reviewed the *Stipulation Between Debtor and DMSD Del Enterprise, LLC to Extend Deadline to File Proof of Claim and Other Deadlines and to Preserve Certain Rights Under the Lease* (the "**Stipulation**")[1] and cause appearing,

**IT IS ORDERED AS FOLLOWS**:

1. The Stipulation is approved in its entirety. The terms of the Stipulation are incorporated into this Order and shall have the same force and effect as if set forth herein in full.

2. DMSD may (i) file a proof of claim in the Debtor's Chapter 11 Case (the "**DMSD Proof of Claim**") and (ii) take any other action in response to any notice, order,

[1] Capitalized terms not defined in this Order shall have the same meaning as in the Stipulation.

or deadline previously served, entered, or established in the Chapter 11 Case that could otherwise affect DMSD's claims or rights, including those arising under or relating to the Lease (the "**Other Actions**"), in each case within sixty (60) days after entry of this Order (the "**Extended Deadline**").

3. For the avoidance of doubt, any deadline applicable to DMSD that expired prior to entry of this Order or that otherwise would expire prior to the Extended Deadline shall be extended through the Extended Deadline, unless a later generally applicable deadline applies.

4. The DMSD Proof of Claim filed by the Extended Deadline shall be deemed timely filed for all purposes as though filed on or before the Bar Date. Additionally, any Other Actions taken by DMSD by the Extended Deadline shall be deemed timely taken for all purposes as if timely taken in the Chapter 11 Case.

5. For the avoidance of doubt, the provisions of paragraphs 4 and 5 of the Stipulation concerning the Tenant Improvement Allowance are approved and incorporated herein, including the Debtor's agreements concerning the timeliness and sufficiency of DMSD's Tenant Allowance Request and supporting documentation and the absence of any requirement that DMSD make any further submission, notice, demand, or other contractual action in order to preserve or assert its rights with respect to the Tenant Improvement Allowance.

6. Except as expressly provided in the Stipulation or in this Order, the Parties' respective rights, claims, defenses, objections, and arguments arising under or relating to the Lease or the Bankruptcy Code, including with respect to the Tenant Improvement Allowance and any assumption, assignment, or rejection of the Lease, are preserved as set forth in the Stipulation, and nothing in this Order shall determine the validity, amount, characterization, classification, priority, allowance, or treatment of any claim or obligation arising under or relating to the Lease.

7. The Debtor shall update its creditor mailing matrix and other applicable noticing records, serve all future notices as provided in the Stipulation, and provide DMSD's counsel with the notices, pleadings, orders, and other documents required by the Stipulation.

8. The terms and conditions of the Stipulation and this Order will be immediately effective and enforceable upon entry of the Order.

9. The Debtor and/or DMSD, as applicable, are authorized to take all such actions as are necessary or appropriate to implement the terms of the Stipulation and the Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Stipulation and the Order.

**IT IS SO ORDERED.**

###

Date: October 7, 2026

Mark Houle
United States Bankruptcy Judge